```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-61981-CIV-MORENO
                                    MAGISTRATE JUDGE P. A. WHITE

ARVIS WILLIAMS,                     :

        Plaintiff,                  :

v.                                  :       REPORT OF
                                            MAGISTRATE JUDGE
JOE FRANCO & TOMMY FRANCO,          :

        Defendants.                 :
_____
```

## I. Introduction

The plaintiff, Arvis Williams, currently detained at the Federal Detention Center in Miami, Florida, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 seeking monetary damages and injunctive relief. [DE# 1]. The plaintiff is granted leave to proceed in forma pauperis.

This Cause is presently before the Court for initial screening of the complaint pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

   Sec. 1915 Proceedings in Forma Pauperis

                    * * *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

3

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names as defendants Joe and Tommy Franco, the owners of Mama Mias Restaurant in Hollywood, Florida. The plaintiff alleges that their hiring practices are discriminatory. He alleges that he worked there in 2009, while housed in a federal halfway house. He claims he was told he was being let go because business was slow, however other workers who were Latinos, the same race as the head chef, remained working and another Latino person was subsequently hired.

To successfully state a claim pursuant to 42 U.S.C. 1983, the plaintiff must demonstrate that a person or persons acting under color of state law has violated a constitutionally protected right. Polk County v Dodson, 454 U.S. 312 (1981). The plaintiff has failed to successfully state a claim. Joe and Tommy Franco are owners of a privately held business and do not act under color of state law.[2]

### III. Conclusion

Based on the foregoing, it is recommended that this complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and the case be closed.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[2] These facts, if proved may state a claim for discriminatory practices in the work place, but a §1983 claim is not the proper vehicle.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 8th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Arvis Williams, Pro Se
     No. 56980-004
     FDC Miami
     Address of record